IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:     SANDRA MARCIA KEENHOLD,           Case No. 06-33141-KRH
                                             Chapter 13
           Debtor.

**MEMORANDUM ORDER**

Dale Allen Keenhold and Pamela Lisa VanWinkle ("Petitioners") have submitted multiple documents in connection with this case styled: "IN THE ADMIRALTY, CIVIL TORT, IN RE: PETITION TO SHOW CAUSE FOR CONTEMPT; ORDER COMPELLING SPECIFIC PERFORMANCE; CIVIL TORT AND ORDER FOR PUNITIVE DAMAGES AND LIQUIDATION OF PUBLIC HAZARD BOND. IN RE: BANKRUPTCY ACTION CASE NUMBER: 06-33141. IN RE: ORDER TO U.S. MARSHALS OFFICE FOR SEIZURE OF THE PUBLIC HAZARD BOND OF TRUSTEE AND LIQUIDATE" (the "Petitioners' Pleading"). Petitioners' Pleading was accompanied by six exhibits, labeled A through F, by Instructions and an accompanying "Order" directed to the Clerk of Court, and by a certified copy of an alleged $100,000,000.00 Indemnity Bond (the "Accompanying Documents" and together with Petitioners' Pleading, the "Pleading").

The precise nature of Petitioners' claims set forth in the Pleading is difficult to discern. It appears that one of the Petitioners, Dale Allen Keenhold, is the brother of the Debtor's husband. The bankruptcy case of the Debtor's husband was dismissed pursuant to an Order entered April 2, 2007 in this case. Although it is not clear, it appears that Petitioners seek to draw an instrument, self-styled as a "bonded promissory note," against the United States Treasury as a means of either settling or discharging all of the Debtor's outstanding debt and, thus, preventing a foreclosure of the Debtor's home. It also appears that Petitioner Dale Allen Keenhold asserts

that his brother's rights were violated by the Chapter 13 Trustee's refusal to negotiate the "bonded promissory note" and he seeks damages either on his own behalf or on that of his brother against the Trustee, against the Court or against others.

The Pleading, while unclear in many aspects, clearly seeks, among other things, the recovery of money or property from somebody in connection with a pending bankruptcy case. Accordingly, the case that the Pleading seeks to commence needs to be brought and conducted as an adversary proceeding governed by the Rules of Part VII of the Federal Rules of Bankruptcy Procedure. Fed.R.Bankr.P. 7001. Petitioners' Pleading is not styled as a complaint in an adversary proceeding and it fails to comply with Federal Rule of Bankruptcy Procedure 7008. That Rule requires that a complaint "contain (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends. . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleaders seek." Fed.R.Bank.P. 7008(a).

Petitioners' Pleading also fails to comply with Local Rule 5005-1(d)(2) which requires complaints commencing an adversary proceeding to be accompanied by (a) the proper filing fee and (b) a properly completed adversary proceeding cover sheet (Form B 104). Form B 104 is readably available upon request from the clerk's office of this Court. It also appears that Petitioners' Pleading may violate Local Rule 5005-1(b) which requires that a proponent offering a petition on behalf of a client be an attorney who is a member in good standing of the bar of this Court. Accordingly, it is

    **ORDERED** that:

(1) Petitioners are **DIRECTED TO PARTICULARIZE** their Pleading within twenty (20) days from the date of entry hereof. See Fed.R.Bank.P. 7008; *Coleman v. Peyton,*

2

340 F.2d 603, 604 (4th Cir. 1965). The Petitioners' Pleading and the Accompanying Documents must be re-filed in the form of a complaint commencing an adversary proceeding in accordance with the Rules of Part VII of the Federal Rules of Bankruptcy Procedure and strictly in conformance with the following directions:

    a.    The caption and form of the complaint shall be in substantial compliance with the Federal Rules of Bankruptcy Procedure, Official Forms and Local Bankruptcy Rules. The complaint shall bear the Debtor's name, the case number and the chapter of the case to which it pertains.

    b.    The complaint shall be accompanied by the proper filing fee and a properly completed adversary proceeding cover sheet (Form B 104).

    c.    The attorney filing the pleading shall be identified by name, state bar number, complete mailing address, telephone number and name of party whom the attorney represents on the first page of each pleading.

    d.    If a party is proceeding *pro se*, the individual shall sign the complaint on his or her own behalf. *Pro se* individuals may not submit papers on behalf of others. Any person offering a complaint for filing on behalf of another must be an attorney in good standing of the bar of this Court. *Pro se* individuals are admonished that Rule 9011 of the Federal Rules of Bankruptcy Procedure provides that by filing the complaint, the unrepresented person signing the pleading is certifying that to the best of the person's knowledge, information and belief formed after an inquiry reasonable under the circumstances:

1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

3

3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed.R.Bank.P. 9011.

    e.    The first paragraph of the complaint should set forth "a short and plain statement of the grounds upon which the Court's jurisdiction depends." Fed.R.Bank.P. 7008. Such statement should reference the particular statute that confers jurisdiction and contain a brief explanation as to why that statute is applicable. The paragraph should also contain a statement whether the proceeding is a core proceeding or a non-core proceeding pursuant to 28 U.S.C. § 157. If it is alleged to be non-core, then plaintiff needs to state whether the plaintiff consents to entry of final orders or judgments by the Bankruptcy Judge.

    f.    In the body of the complaint, plaintiff must set forth legibly in separately numbered paragraphs a short statement of the facts pertaining to the plaintiff's present claims for relief. The statements of fact must provide a concise and accurate connection to this bankruptcy case. Thereafter, in separately captioned sections, plaintiff must clearly identify the nature of the causes of action plaintiff seeks to assert. Under each section, plaintiff must explain why plaintiff is entitled to relief and what specific relief plaintiff seeks. Such explanation should reference the specific numbered factual paragraphs of the complaint that support that assertion. The plaintiff shall also include a prayer for relief.

    g.    Failure to comply with the above requirements will result in dismissal of the adversary proceeding.

4

(2) Petitioners have also requested that the Court require the Clerk of this Court to immediately cause copies of the Pleading to be served upon all the officers of this Bankruptcy Court and the Office of the United States Marshals. That request is DENIED.

(3) Petitioners' Pleading and the accompanying documents shall be docketed, in the interim, as an adversary proceeding in connection with case No. 06-33141. This Order shall be filed in the main case and also in that adversary proceeding. If Petitioners do not timely comply with the terms of this Order, the adversary proceeding shall be dismissed. If Petitioners do file a new complaint in conformity herewith, the Pleading shall be superceded in its entirety by the new complaint. The complaint must stand or fall on its own. Petitioners may not reference statements in their original Pleading.

The Clerk is directed to send a copy of the Memorandum Order to Petitioners. It is SO ORDERED.

ENTERED: _____

        /s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

Copies to:

Sandra Marcia Keenhold
10645 Catharpin Road
Spotsylvania, VA  22553-4505

Dale Allen Keenhold
c/o Pamela Lisa VanWinkle
MLIC
716 Westwood Office Park
Fredericksburg, VA  22401

5

Pamela Lisa VanWinkle
MLIC
716 Westwood Office Park
Fredericksburg, VA  22401

William Edward Seals
William E. Seals, P.C.
P.O. Box 3358
Fredericksburg, VA 22402-3358

Carl M. Bates
P. O. Box 1819
Richmond, VA  23218

Robert B. VanArsdale
Office of the U.S. Trustee
600 East Main Street, Suite 301
Richmond, VA  23219